UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDREW J. HOFFMAN,

                Petitioner,

                                                 **Hon. Hugh B. Scott**

               v.

                                                 02CV605

                                               (CONSENT)

VICTOR HERBERT,
                                               **Decision**
                Respondent.                        **&**
                                                 **Order**

      Before the Court is Petitioner's Habeas Corpus Petition (Docket No. 1). Parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 11, April 7, 2003). This Court rendered two Decisions and Orders denying the Petition (Docket Nos. 12, 21), in relevant part, because petitioner failed to assert an ineffective assistance of counsel claim (for not being informed of a plea offer) (Docket No. 21, Order at 5-15). A certificate of appealability was granted on February 10, 2005 (Docket No. 24), and the United States Court of Appeals for the Second Circuit vacated the judgment denying the Petition and remanded this proceeding, Hoffman v. Herbert, No. 05-0735, Summary Order of Apr. 10, 2006, 2006 U.S. App. LEXIS 9447. This Summary Order became a mandate on June 24, 2006 (Docket No. 27). See Fed. R. App. P. 41.

## **BACKGROUND**

      Familiarity with the facts from the prior decisions (Docket Nos. 12, 21) is presumed.

      On July 1, 1994, petitioner was involved in a high speed chase in Salamanca that led to the death of two persons and the injury of two others. On August 12, 1994, the Cattaraugus

County Grand Jury handed down Indictment No. 94-99, charging petitioner with numerous violations of the New York Vehicle & Traffic Law and Penal Law, the most serious charge being two counts of manslaughter in the second degree, Penal Law § 125.15, Class C felonies.

*First Indictment and Plea Offer*

The testimony at the December 9, 2004, evidentiary hearing (see Docket No. 26, Tr. of Dec. 9, 2004, hearing; Docket No. 14) concerned the September 6, 1994, conference before Judge Himelein. During that conference, the court clerk noted that the prosecution made a plea offer of "two D felonies and two E felonies," a one-level reduction in the severity of the charges, and noted that the "Court commits to sentence of 2 - 7 years." (R36a[1]; see also Pet'r Ex. 2, Sept. 6, 1994, minute entry..) Petitioner never received this offer. Judge Himelein testified that the plea offer and sentence commitment were not placed on the record (Docket No. 26, Tr. at 46; see Pet'r Ex. 2, Sept. 6, 1994, minute entry). Cattaraugus County chief clerk Sandra Wogick testified that she (or someone from her office) would be present in chambers during conferences with prosecutors and defense counsel, similar to this conference (Docket No. 26, Tr. at 8). She testified that she, Judge Himelein, then-Cattaraugus County District Attorney Michael Nevins, and defense attorney Mark O'Connor, were present during that conference (id., Tr. at 18). Others testified that other defense attorneys were present (but not participants in the conference) in the chambers during that conference (id., Tr. at 23, 28 (O'Connor), 43-45 (Himelein)).

Defense counsel O'Connor testified that he did not relay to petitioner the initial plea offer (id., Tr. at 24). He stated that he believed the discussion regarding a plea and sentence was not a

---

[1] "R" refers to the record of criminal proceedings in state courts. "T" refers to the actual trial transcripts in the criminal prosecution.

formal plea offer and thus did not relay it to his client (id., Tr. at 27-28, 29). He stated that he was not familiar with the practice and apparent informality in Cattaraugus County Court (id., Tr. at 27-28). Former District Attorney Nevins testified that a plea offer was made, but not in writing and he did not recall making it on the record (id., Tr. at 54, 55). O'Connor and Nevins each testified that O'Connor did not accept the plea offer between September 6 and November 28, 1994 (id., Tr. at 24, 26 (O'Connor), 54-55 (Nevins)). Nevins stated that he had no doubt that a plea bargain offer was made on September 6. Petitioner testified that he learned for the first time of the 2⅓ to 7-year plea offer on October 5, 1995, at the first day of his trial (id., Tr. at 59-60). He testified that, had he known of this initial plea offer, he would have accepted it. He then testified that, on the advice of counsel, he rejected the later offer of 5 to 15 years (id., Tr. at 58, 59).

    Respondent later reviewed the record from the evidentiary hearing and argued that petitioner did not establish that a plea offer was actually made. The court clerk recorded in the minutes the offer, but Judge Himelein's recollection of the conference was incomplete and the offer, if it was made, was made so informally and not on the record, as not to be legally binding or a firm offer (Docket No. 16, Resp't Memo. at 7-13). Petitioner's original trial counsel was unequivocal that no offer was made (id. at 17). Respondent concludes that if an offer was made, it was not made on the record or made firm or clear enough to have the judge commit to a sentence (id. at 15, 17). From the disparity between the offered plea and the sentence petitioner would have faced under the first indictment and the similar disparity between the plea and sentence under the second, more severe indictment, respondent concludes that petitioner is not credible in stating that he would have accepted the plea offer to the first indictment (id. at 19-20).

3

*Second Indictment and Second Plea Offer*

Petitioner's criminal trial counsel moved to dismiss the indictment, which the court granted on November 28, 1994, with leave for the prosecution to re-present to the grand jury. (R52a-54a.) On December 2, 1994, the grand jury handed down Indictment No. 94-140, charging petitioner with the offenses alleged in No. 94-99 and two counts of murder in the second degree, Penal Law § 125.25(2), Class A-I felonies.

On October 5, 1995, when the trial was to commence, but prior to jury selection, the prosecution made a second plea offer to petitioner of "two C's and two D felonies," or a five to fifteen-year term, which was a two-level reduction in the severity of the charges. (T2.) During a colloquy with the court, petitioner's trial counsel remarked that he did not recall a prior plea offer from the prosecution and that he did not communicate an offer to his client, reporting that petitioner would have accepted a D felony at the time of the first plea offer. (T9-10, 11, 12.) Petitioner at the federal evidentiary hearing later testified that, when he first heard the five-to-fifteen-year offer, he conferred with O'Connor and petitioner was willing to accept this offer as well. O'Connor, however, advised him not to accept that offer, claiming that it was too much time. (Docket No. 26, Tr., at 58-59; see Docket No. 1, Pet., Attachment VII, Record on Appeal at 30, Hoffman Aff. ¶¶ 8, 9.)

*Trial, Post-Conviction Motion Practice, and Appeal*

Petitioner was tried and convicted on all charges under the second indictment. Petitioner was sentenced to twenty-five years to life imprisonment. (R2865.)

Petitioner then moved to set aside the judgment of conviction pursuant to N.Y. CPL § 440.10. The trial court denied this motion. People v. Hoffman, 173 Misc.2d 529,

4

662 N.Y.S.2d 231 (County Ct. Cattaraugus County 1997). There, the court declined to accept as true the petitioner's trial counsel's assertion that he failed to communicate the first plea offer to petitioner. Id. Petitioner appealed this decision to the Appellate Division, Fourth Department, which affirmed. People v. Hoffman, 256 A.D.2d 1195, 685 N.Y.S.2d 142 (4th Dep't 1998), leave to appeal denied, 93 N.Y.2d 874, 689 N.Y.S.2d 436, cert. denied, 528 U.S. 863 (1999). Petitioner then appealed from the judgment, which the Fourth Department affirmed. People v. Hoffman, 283 A.D.2d 928, 725 N.Y.S.2d 494 (4th Dep't), leave to appeal denied, 96 N.Y.2d 919, 732 N.Y.S.2d 636 (2001).

*Habeas Petition*

Petitioner filed this Habeas Petition on August 23, 2002 (Docket No. 1). This Court rendered an Order (Docket No. 12) which denied most of the grounds raised in the Habeas Petition, but granted an evidentiary hearing on the question of whether petitioner's defense counsel had advised him of the earlier plea offer. See Boria v. Keane, 99 F.3d 492, 495 (2d Cir. 1996) (hearing held on petitioner's motion to vacate judgment wherein defense counsel testified that he did not discuss plea with petitioner); see also Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998). At the conclusion of that hearing, the Court rendered a Decision dismissing the ineffective assistance of counsel claim petitioner raised based upon defense counsel's failure to convey a plea offer (Docket No. 21), dismissing the last remaining claim.

*Appeal*

The Second Circuit vacated this decision and remanded for further proceedings, Hoffman, No. 05-0735, supra, Summary Order of Apr. 10, 2006. The court held that Strickland v. Washington, 466 U.S. 668 (1984), furnished the clearly established federal law in defense

counsel's ineffectiveness, and that the clearly established law need not be particularized to the type of omission in counsel's performance, Hoffman, No. 05-0735, supra, Summary Order at 2, citing Sellan v. Kuhlman, 261 F.3d 303, 309 (2d Cir. 2001); see also Williams v. Taylor, 529 U.S. 362, 391 (2002) (Stevens, J., for the Court).  The Circuit Court ruled that

> "Because the failure of petitioner's counsel to communicate the state's offer to petitioner plainly constituted performance below reasonable professional standards, the only question on remand for the district court to consider is whether there is a reasonable probability that, had Hoffman been informed of and adequately counseled regarding the plea offer, he would have accepted it.  See Strickland, 446 U.S. at 668.  In making this factual determination, the district court should consider all the circumstances under which that decision would have been made and may take any additional testimony or other evidence that it deems relevant.  It need not defer to any implicit or explicit rulings made by the state courts in this case, since 'the material facts were not adequately developed' for a reasonable application of Strickland by the state courts."

Hoffman, No. 05-0735, supra, Summary Order at 2-3 (quoting Morris v. Reynolds, 264 F.3d 38, 47 (2d Cir. 2002)).  The record before this Court is sufficient so as not to require additional evidence or briefing.

**DISCUSSION**

I.  Ineffective Assistance of Counsel in Advising on Plea Offer

The remaining claim stems from the failure of trial counsel to relay a plea offer, with the sole issue whether petitioner would have accepted the plea offer had he received it and was counseled about it.

  A.  Standard

The standard for ineffective assistance of counsel was set forth in Strickland v. Washington, supra, 466 U.S. at 687, that the attorney's performance was deficient by virtue of serious errors and these deficiencies prejudiced petitioner's defense. On review, there is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance," Strickland, supra, 466 U.S. at 689. To establish an ineffective assistance of counsel claim, "a defendant must show that counsel's representation 'fell below the objective standard of reasonableness' based on 'prevailing professional norms' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Eze v. Senkowski, 321 F.3d 110, 123 (2d Cir. 2003) (quoting Strickland, supra, 466 U.S. at 688, 694). A "reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, 466 U.S. at 694. Under AEDPA, this analysis is a mixed question of law and fact under 28 U.S.C. § 2254(d)(1), "which requires the habeas court to determine whether the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Shiwlochan v. Portuondo, 345 F. Supp. 2d 242, 258 (E.D.N.Y. 2003) (Report & Recommendation, Go, Mag. J.), adopted, 345 F. Supp. 242 (E.D.N.Y. 2004), aff'd 150 Fed.

Appx. 58 (2d Cir. 2005) (summary order); see Overton v. Newton, 295 F.3d 270, 277 (2d Cir. 2002).

The prejudice prong of Strickland can be established here if there is a reasonable probability that petitioner relied upon defense counsel's ineffective assistance that affected the outcome of the proceedings, Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2003); United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998); see Hill v. Lockhart, 474 U.S. 52, 57, 58-59 (1985) (Docket No. 9, Pet'r Memo. of Law at 25-26).

B.    First Plea Offer--Two to Seven Years

On the first plea offer defense counsel failed to relay to petitioner, explaining why he failed to mention the plea offer because the attorney questioned whether the offer was actually made (T10). Petitioner contends that the state court applied the wrong standard for evaluating his claim in his CPL 440.10 motion. Instead of assessing the reasonableness of defense counsel's actions, the trial court determined whether petitioner ultimately could have received the remedy he sought, acceptance of a plea under a superseded indictment. By not applying the applicable standard, the state court made an unreasonable application of federal law as determined by the United States Supreme Court. (Docket No. 9, Pet'r Memo. of Law, at 22-25, citing Williams v. Taylor, 529 U.S. 362, 413 (2000).) See Hoffman, No. 05-0735, supra, Summary Order at 3; see also Shiwlochan, supra, 345 F. Supp. 2d at 260 (finding state CPL 440 court's determination of facts was unreasonable in not finding that defense counsel had not relayed plea offer to petitioner).

The United States Supreme Court has extended the Strickland ineffective assistance analysis to claims arising from the plea process. See Hill v. Lockhart, 474 U.S. 52, 57, 58-59

(1985) (prejudice requirement is satisfied if petitioner shows that there is a reasonable probability that but for counsel's error he would not have pleaded guilty and would have insisted upon a trial); see also United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998) (per curiam); Boria v. Keane, 99 F.3d 492, 496-97 (2d Cir. 1996) (holding attorney's advice on plea as constitutionally required).  As noted by the Second Circuit on remanding this case, Strickland itself provides the applicable standard and the precise professional failure need not be enunciated by the Supreme Court to be the clearly established legal standard, Hoffman, No. 05-0735, supra, Summary Order at 2; see Williams v. Taylor, supra, 529 U.S. at 391 (Strickland test requires a case-by-case examination of the evidence); cf. Boria, supra, 99 F.3d at 496-97.

     Defense counsel Mark O'Connor failed to relay to petitioner the first plea offer, explaining that he failed to mention the plea offer because O'Connor questioned whether the offer was actually made.  The testimony from the evidentiary hearing (as described more fully in the Background, supra, Docket No. 13; see also Docket Nos. 14, 26) indicates that a plea offer was made during the September 6, 1994, conference but defense counsel did not recognize it as such, thus O'Connor did not convey the plea offer to petitioner.  Judge Himelein and then-District Attorney Nevins testified that a plea offer of 2 to 7 years was made to O'Connor in the presence of the court clerk.  The court clerk testified that she entered the minutes on this case indicating that such an offer was made.

     This case presents a more egregious situation than the failure of counsel to advise his client that occurred in Boria.  See Shiwlochan, supra, 345 F. Supp. 2d at 260, 261.  Here, defense counsel did not bother to inform his client of the existence of a plea offer--however informally it may have seemed to that counsel.  Nor did defense counsel confirm whether a plea offer was

9

made, or seek to place the colloquy on the record (although the offer was noted in the court's minutes) or otherwise formalize the offer. This also distinguishes this plea offer under the first indictment from the subsequent offer under the second indictment, where petitioner learned of the offer in open court but was advised against accepting it by defense counsel (see Docket No. 12, Order at 11).

    C.    Prejudice Prong

On the issue of whether there is a reasonable probability that, had Hoffman been informed of and adequately counseled regarding the plea offer, he would have accepted it, the Court can rely upon the papers submitted earlier by the parties (Docket No. 9, Pet'r Memo. at 25-26, 30-31; Docket No. 16[2], Resp't Memo., Dec. 22, 2004, at 18-20; Docket No. 17, Resp't Memo. of Law, Jan. 31, 2003, at 25) and not seek additional briefing or submissions, see also Hoffman, No. 05-0735, supra, Summary Order at 3 (authorizing this Court to take additional evidence deemed necessary to resolve remaining issue).

Petitioner contends that a significant sentencing disparity between the sentence that effective counsel could have procured and the actual sentence imposed provides objective evidence of prejudice to him for his defense counsel's failure to tell him of the initial plea offer (Docket No. 9, Pet'r Memo. at 26, 30), see Shiwlochan, supra, 345 F. Supp. 2d at 263-64 (citing cases). Petitioner consistently stated that he would have accepted the initial plea offer (id. at 30, 31; see Docket No. 26, Tr. at 58). Petitioner also testified that he would have accepted the second plea offer under the later indictment but was advised against it by O'Connor (Docket No. 26, Tr. at 58).

---

    [2]Respondent refiled this memorandum due to ECF filing error, Docket No. 19.

Respondent argues that petitioner bears the burden of proving, with objective evidence, that he would have accepted the 2⅓-7 years offer. Respondent contends that petitioner testified on December 2004 that he would have accepted the lesser sentence but admitted that he rejected the second offer of 5-15 years when facing a more severe penalty (25 years to life) if he went to trial (Docket No. 16, Resp't Memo. at 18-19; Docket No. 26, Tr. of Dec. 9, 2004, hearing at 57-59). Respondent argues that the Court must evaluate the likelihood of acceptance of a plea offer at the time the offer was made (Docket No. 16, Resp't Memo. at 20; Docket No. 17, Resp't Memo. at 25), see Marel v. Lord, No. 99 Civ. 9968, 1998 U.S. Dist. LEXIS 351, at *12-13 (S.D.N.Y. Jan. 16, 1998). Since petitioner initially faced a top charge of a class D felony, with a maximum sentence of 2-7 years, respondent concludes that petitioner, had he been told the 2⅓-7 year offer, would not have accepted it (Docket No. 16, Resp't Memo. at 20). Reviewing the minimum sentences offered or possible, respondent argues that the difference between the 2⅓ years offered and a 5-year sentence if petitioner was convicted under the first indictment is minimal and petitioner later rejected a greater disparity in minimum sentences (turning down an offer of 5 years when facing a minimum of 25 years) when he rejected the second plea offer under the second indictment. Hence, respondent argues that petitioner's claim (that he would have accepted the plea offer which had a smaller disparity in sentence) is incredible. (Id.)

Both parties, however, compare petitioner's possible sentence under the first indictment as opposed to the sentence he eventually received under the second indictment, but the offer under the first indictment was not available when the second indictment was returned. So comparing sentences to establish a sentence disparity is difficult. Unaware of the plea offer on the initial indictment, petitioner moved to dismiss that indictment, a strategic decision of counsel

rather than a fundamental right that the petitioner himself had to exercise or waive, cf. Pavel v. Hollins, 261 F.3d 210, 223 (2d Cir. 2001); N.Y.S. Code of Prof. Resp. EC 7-7 (in areas not affecting the merits of the cause or substantially prejudicing the rights of a client, the lawyer is entitled to make decisions), 7-9 (in exercise of this professional judgment, lawyer must act in best interest of client).  Not advised of the first plea offer, petitioner took the risk that his motion to dismiss would be granted (as it was here) with leave to re-present and possible indictment to more serious charges.  Later, petitioner was advised by that same counsel not to take the plea offer on the second indictment.  Petitioner testified that he would have taken either plea, the first if he was made aware of it by counsel or the second if not advised against it by counsel. Petitioner therefore has shown that there is a reasonable probability that he would have accepted the initial plea offer had it been conveyed to him by counsel, see Shiwlochan, supra, 345 F. Supp. 2d at 264; Strickland, supra, 466 U.S. at 694, and was rendered ineffective assistance of counsel.

  D. Remedy

  Next, a problem arises as to the remedy, given that petitioner has established that he was rendered ineffective assistance of counsel.  Ordinarily, the relief would be to sentence petitioner pursuant to the plea offer he was not given.  But that plea offer was based upon an indictment that was later superceded; a similar offer could not be given under the superceding indictment. But, as other courts in this Circuit have resolved this issue, see Boria, supra, 99 F.3d at 499; Shiwlochan, supra, 345 F. Supp. 2d at 264-65 (as both parties have recognized (see Docket No. 9, Pet'r Memo at 33; Docket No. 6, Resp't Memo. at 26)), the remedy here is to allow the conviction under the second indictment to stand but reduce petitioner's sentence to the maximum of the initial offer and, as here, release petitioner if he has served that amount of time already.

Petitioner has served more than the maximum of the original plea offer of seven years. Thus, since the evidentiary hearing established that petitioner was rendered ineffective assistance of counsel by his defense attorney failing to disclose an earlier plea offer, then petitioner would be entitled to be released for the time he has served.

    E.    Conclusion

Therefore, habeas relief for petitioner's claim for ineffective assistance of counsel for not advising him of the initial plea is **granted**. Petitioner is entitled to be released for the time already served.

## **CONCLUSION**

The remaining claim in the Petition for Writ of Habeas Corpus in this action (Docket No. 1) is hereby **granted** as discussed above.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      July 5, 2006